UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>THE ESTATE OF WARREN MELIUS, *et al.*,<br><br>    Defendants. | Case No. 2:06-cv-00507-LDG (GWF)<br><br>**ORDER** |

The plaintiff, Western World Insurance Company, brought this action seeking a declaration that it does not owe a duty to defend or indemnify certain of the defendants–Irma Rafael, Tommy Tamayo, Holly Hill Group Home, Holly Hill Group Home d/b/a Best Group Care and Best Group Care (the "Group Care Facility Defendants")–in a suit filed against these defendants in state court.  Western World alleges that an insurance broker, DLB Insurance Marketing, issued a falsified Certificate of Insurance that purported to certify that Western World issued an insurance policy to Best Group Care, but that Western World did not issue such policy.  Western World has also named, as defendants in this action, the plaintiffs in that state court action (and potential claimants against the insurance policy): the Estate of Warren Melius, Wendy Jo Burgess (as heir to and special

1 administrator for the estate of Warren Melius), and Wesley James Melius (as heir to the
2 estate of Warren Melius) (the "Melius Defendants").
3       The Melius Defendants have moved to dismiss this lawsuit (#20) pursuant to
4 Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19.  These
5 defendants allege that the insurance broker is an indispensable party who must be joined
6 but whose joinder will destroy this court's diversity jurisdiction.  Rafael filed a document
7 purporting to join the motion (#23).[1]  Western World opposes the motion, and the Melius
8 Defendants have replied.  After having considered the pleadings, papers, and arguments of
9 the parties, the court finds that the motion to dismiss is without merit and must be denied.
10       An analysis of the Melius Defendants' motion must begin with a determination
11 whether the insurance broker is a person described in subdivision (a)(1)-(2) of Rule 19.
12 That subdivision states:

> A person who is subject to service of process and whose joinder will
> not deprive the court of jurisdiction over the subject matter of the action shall
> be joined as a party in the action if (1) in the person's absence complete relief
> cannot be accorded among those already parties, or (2) the person claims an
> interest relating to the subject of the action and is so situated that the
> disposition of the action in the person's absence may (i) as a practical matter
> impair or impede the person's ability to protect that interest or (ii) leave any of
> the persons already parties subject to a substantial risk of incurring double,
> multiple, or otherwise inconsistent obligations by reason of the claimed
> interest.

19 The Melius Defendants contend that this matter is governed by sub-part 2(i): that the
20 insurance broker is a person who has an interest relating to the subject of this action and
21 whose absence from this action will impair his ability to protect that interest.  They generally
22 assert that resolution of the claim for declaratory relief favorable to Western World will
23 leave the insurance broker open to claims by the defendants.  They further argue, but do

---

[1] The court will treat the "joinder" of Rafael to the Melius Defendants' motion as a motion to join, and will deny the motion as unsupported by a memorandum of points and authorities.  *See*, Local Rule 7-2(d).

1 not explain how, resolution of this matter may unfairly decide the broker's rights and
2 liabilities.  The Melius Defendants do not provide any citation or argument suggesting that a
3 resolution of this matter will be binding upon the insurance broker, whether by issue or
4 claim preclusion, res judicata, or otherwise.  Accordingly, the court finds that the insurance
5 broker is not a person who must be joined pursuant to Rule 19(a).

6      Further, even if this court were to find that the insurance broker's interests in this
7 matter met the description of a person who must be joined pursuant to Rule 19(a), the
8 court would be compelled to conclude that he must be joined as a defendant.  The Melius
9 Defendants assert that the insurance broker should be joined as a plaintiff, but offer no
10 explanation or reasoning to support this assertion.  Rather, their own arguments make plain
11 that the interests of the insurance broker, like those of every other defendant, would be to
12 oppose Western World's allegation that he issued a falsified Certificate of Insurance.

13      Accordingly, for good cause shown,

14      THE COURT **ORDERS** that Irma Rafael's "Joinder" (#23) is DENIED;

15      THE COURT FURTHER **ORDERS** that the Melius Defendants' Motion to Dismiss
16 (#20) is DENIED.

17 DATED this __29__ day of March, 2007.

                                                   Lloyd D. George
                                                   United States District Judge

3