# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WESTERN WORLD INSURANCE COMPANY,

    Plaintiff,

v.

THE ESTATE OF WARREN MELIUS, *et al.*,

    Defendants.

Case No. 2:06-cv-00507-LDG (GWF)

**ORDER**

    The plaintiff, Western World Insurance Company (Western World), brought this action seeking a declaration that it does not owe a duty to defend or indemnify defendants Irma Rafael, Tommy Tamayo, Holly Hill Group Home, Holly Hill Group Home d/b/a Best Group Care, Best Group Care (or any other person) (the Holly Hill defendants) pursuant to policy No. NPP798765 in the matter of *The Estate of Warren Melius, et. al. v. Irma Rafael, et. al.,* Case No. A507020, Eighth Judicial District Court, Clark County, Nevada. Western World has also named, as interested parties, the plaintiffs in the underlying action: The Estate of Warren Melius, Wendy Jo Burgess, as Heir and as Special Administrator for the Estate of Warren Melius, and Weslie James Melius (the Melius defendants). Western World moves for summary judgment (#51), arguing that the undisputed facts establish that

it did not issue a policy of insurance to any of the defendants in the underlying action. The Melius defendants oppose the motion (#58). The Holly Hill defendants have not opposed the motion. Having reviewed and considered the papers, pleadings, and undisputed evidence submitted by the parties, the court will grant the motion.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party

can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party."  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Undisputed Facts

The underlying action arises from a fire that occurred in Las Vegas on March 20, 2004, at the Best Group Care residential living facility, a facility owned and operated by the Holly Hill defendants.  The Melius defendants subsequently brought suit against the Holly Hill defendants in state court.  Irma Rafael tendered defense of the suit to Western World.  The only documentation possessed by the Holly Hill defendants that they were insured by Western World is a Certificate of Liability Insurance (dated March 19, 2004) that identifies Western World as the insurer of Best Group Care Home pursuant to policy No. NPP798765, effective May 8, 2003, - May 8, 2004.

Western World, however, did not issue a liability insurance policy, or any other type of policy, to the Holly Hill defendants.  Rather, Western World issued policy No. NPP798765, a commercial property policy, to Anna and Felix Santana in Springfield, Massachusetts, effective October 22, 2002, through October 22, 2003.  Managing General

1   Agent Conexco Insurance Agency wrote Western World policy No. 798765 in
2   Massachusetts.  Neither Anna nor Felix Santana have any connection to the underlying
3   action, or to any of the defendants in the underlying action.
4      David Breedlove admitted that he prepared the Certificate of Liability Insurance that
5   he provided to the Holly Hilly defendants, but that he did not write policy No. NPP798765.
6   He also admitted that he never received authorization to state that Western World insured
7   Best Group Care pursuant to any insurance policy, including policy No. NPP798765.
8      Analysis
9      An insurer does not owe a duty to defend where there is no potential for coverage.
10  *United National Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686 (2004).  There cannot be a
11  clearer example that there is no potential for coverage under an insurance policy than
12  where the policy does not cover the person or entity tendering the defense of the suit.  The
13  Melius defendants concede that Western World policy No. NPP798765 does not insure the
14  Holly Hill defendants, and that the Certificate of Liability Insurance issued by Breedlove is
15  faulty.
16      In opposition, the Melius defendants argue that issues of fact exist whether Western
17  World or its agents were negligent in connection with Breedlove's issuance of the faulty
18  Certificate of Liability Insurance.  Whether Western World or its agents were negligent is
19  irrelevant.  The present action, brought by Western World, alleges a single claim seeking a
20  determination whether Western World owes a duty to defend and indemnify the Holly Hill
21  defendants pursuant to policy No. NPP798765.  Whether Western World was negligent
22  relative to Breedlove's conduct, and, if so, whether any of the defendants in this suit can
23  hold Western World liable for that negligence, is not before the court in this lawsuit.
24  Accordingly,
25
26

THE COURT **ORDERS** that Western World Insurance Company's Motion for Summary Judgment (#51) is GRANTED.

DATED this _27_ day of September, 2007.

_____
Lloyd D. George
United States District Judge